FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 20 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: ROBERT M. MEAD, | No. 10-60034 |
| Debtor, | BAP No. 09-1241 |
| ROBERT M. MEAD, | MEMORANDUM[*] |
| Appellant, | |
| v. | |
| LAWRENCE J. LOHEIT; CAROLYN WILLIAMS, | |
| Appellees. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Markell, Hollowell, and Dunn, Bankruptcy Judges, Presiding

Submitted June 18, 2013[**]

Before:    TALLMAN, M. SMITH, and HURWITZ, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Chapter 13 debtor Robert M. Mead appeals pro se from the Bankruptcy Appellate Panel's judgment affirming the bankruptcy court's order sustaining the objection of creditor Carolyn Williams and denying confirmation of Mead's plan. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo BAP decisions, and apply the same standard of review that the BAP applied to the bankruptcy court's ruling. *Boyajian v. New Falls Corp. (In re Boyajian)*, 564 F.3d 1088, 1090 (9th Cir. 2009). We review de novo the bankruptcy court's conclusions of law and for clear error its findings of fact, including a finding of bad faith. *Leavitt v. Soto (In re Leavitt)*, 171 F.3d 1219, 1222-23 (9th Cir. 1999). We affirm.

The bankruptcy court did not clearly err in finding that Mead's bankruptcy plan lacked good faith in light of the evidence in the record indicating that Mead misrepresented Williams's claim, attempted to manipulate the bankruptcy system to avoid the results of state court litigation, and submitted an inequitable plan proposal. *See id.* at 1224 (describing factors relevant for finding of bad faith); *see also Goeb v. Heid (In re Goeb)*, 675 F.2d 1386, 1390 (9th Cir. 1982) (discussing good faith determination). Accordingly, the bankruptcy court properly sustained Williams's objection and denied confirmation of Mead's plan. *See* 11 U.S.C.

§ 1325(a)(3) (bankruptcy plan must have been proposed in good faith to be confirmed).

We reject Mead's contentions concerning the validity of Williams's secured claim because Mead did not file an objection to Williams's claim or an adversary proceeding to invalidate Williams's lien. *See* 11 U.S.C. § 502(a); Fed. R. Bankr. P. 7001(2); *see also Brady v. Andrew (In re Commercial W. Fin. Corp.)*, 761 F.2d 1329, 1336 (9th Cir. 1985) (validity of lien can be contested only in an adversary proceeding, not in the plan confirmation process).

**AFFIRMED.**

10-60034